UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In Re:                                                     Case No.:18-18136-LMI

Regla Labrador,                              Chapter 13

     Debtor.
_____/

## OBJECTION TO CLAIM OF THE MCCORMICK 106, LLC AND
## NOTICE OF HEARING ON OBJECTION TO CLAIM

*IMPORTANT NOTICE TO CREDITOR: THIS IS AN OBJECTION TO YOUR CLAIM*

This objection seeks either to disallow or reduce the amount or change the priority status of the claim filed by you or on your behalf. Please read this objection carefully to identify which claim is objected to and what disposition of your claim is recommended. This objection also sets a hearing on this objection.

**COMES NOW** the Debtor, Regla Labrador, by and through her undersigned counsel and objects, pursuant to Bankruptcy Rule 3007, to the Proof of Claim (Claim No.: 2) filed by The MCCORMICK 106, LLC hereinafter referred to as "Creditor" and as grounds therefore would show:

1. Creditor filed a Proof of Claim (Claim No.: 2) or about September 13, 2018 in the amount of $179,840.2 with an arrearage in the amount of $ 179,840.24. However, the attachment to the Proof of Claim filed by the Creditor reflects payments from the Chapter 13 Trustee since May 15, 2015 instead of since the inception of payments made by the Chapter 13 Trustee in the Debtor's previous case. The Chapter 13 Trustee paid the Creditor a total of $ 135,581.07, in the Debtor's previous bankruptcy, but the claim reflects that it was paid only $ 106,080.71.

2. The Creditor's Proof of Claim also provides for attorneys fees in the amount of $

        5,305. 64 in 2018, however a review of the state court docket reflects that no additional attorneys' fees were awarded to the Creditor in the foreclosure case and no Notice of Postpetition Fees was filed in the Debtor's previous case.

3. The claim amount should be reduced by $ 29,500.36 to account for the additional funds paid by the Trustee in the Debtor's prior case. Additionally the claim should be further reduced by an additional $ 5,305.00 for attorneys' fees which have not been awarded by either the state court in the foreclosure action or this court and which are not reasonable.

4. Furthermore, the claim provides for an escrow deficiency in the amount of $ 20,477.10. The amount of $ 33,591.28 in post-petition escrow advances was paid to the Creditor by the Chapter 13 Trustee.

5. The Debtor has incurred reasonable attorneys' fees and costs in objecting to the instant proof of claim.

**WHEREFORE**, for the above reasons Debtor prays this Honorable Court enter an order sustaining the Debtor's objection to claim number 2 and claim number 2 should be allowed as a secured claim, but with the amount reduced by $ 34,805.36 and awarding Debtor's attorneys' fees incurred as a result of having to file an objection to the instant proof of claim should be paid by the Creditor.

**You are hereby notified that:** A hearing on this objection will be held on <u>October 9, 2018</u> at 9:00 a.m. at: C. Clyde Atkins U.S. Courthouse, 301 N. Miami Avenue, Courtroom 8, Miami, FL 33128.

The movant, or movant's counsel, <u>Freire & Gonzalez, P.A.</u>, shall serve a copy of this objection and notice of hearing on all required parties and shall file this original objection and notice and completed certificate of service (printed on reverse) with the court *not later than 14 days prior to the hearing date*.

All moving or objecting parties shall bring to the hearing, a proposed order, sustaining their position, with appropriate copies and envelopes.

### CERTIFICATE OF SERVICE AND COMPLIANCE WITH LOCAL RULE 9073-1(D)

**I HEREBY CERTIFY** that a true and correct copy of the foregoing **OBJECTION TO PROOF OF CLAIM OF THE MCCORMICK 106, LLC.** has been filed this 19 day of Sept., 2018, and a copy of same along with the accompanying Notice of Hearing was mailed to **Nancy K. Neidich,** Chapter 13 Trustee, via NEF, **The MCCORMICK 106, LLC, c/o Christopher Hoertz, Esq., via NEF**, all registered users of ECF via NEF and to the **Debtor** in the instant case via first class mail.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States Bankruptcy Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1-A.

FREIRE & GONZALEZ, P.A.
Attorneys for Debtor(s)
[ ] Edward Freire, Esq. FBN: 0813771
[X] Laila S. Gonzalez, Esq. FBN: 0975291
[ ] Gianny Blanco, Esq., FBN: 0078080
10647 N Kendall Drive
Miami, FL 33176
Tel: (305) 826-1774
Fax: (305) 826-1794
courtdoc@fgbkc.com